## GORDON v. BOARD OF COUNTY COMMISSIONERS OF LAWRENCE COUNTY.

A judge of the probate court, in counties containing 20,000 or more inhabit-
ants, is entitled to the compensation for clerk hire provided in an act
entitled "An act to provide clerk hire for probate courts," enacted by
the legislative assembly of the Territory of Dakota, approved March 7,
1889, whether he performs the duties of clerk personally, or appoints or
hires some one else to do them.

(Syllabus by the court.   Argued Feb. 12, 1890.   Opinion filed April 1, 1890.)

Appeal from circuit court, Lawrence county; Hon. CHARLES
M. THOMAS, Judge.

The facts are stated in the opinion.

*W. G. Rice, District Atty., Lawrence County,* for appellant.

A probate judge must have a clerk before he is entitled to
recover fees from the county for clerk hire under the act of the
legislature of the Territory of Dakota of March 7, 1889.   The
act of the legislature of March 8, 1889, provides for the appoint-
ment of a clerk of the probate court by the judge thereof, and
fixes his compensation.   It was clearly the intention of the leg-
islature that the two offices should be distinct and the incum-
bents different.   Implied intendments should be enforced.
State v. Ins. Co., 44 Mo. 283.   To contend that the judge is en-
titled to recover fees as clerk of his own court under these en-
actments is to contend that the object of the enactments was to
simply increase his salary.

*A. J. Plowman* for respondent.

BENNETT, J.   This cause was submitted to the court below
upon the following agreed statement of facts:   That Leonard

Gordon, the plaintiff, was the elected, qualified, and acting judge of the probate court of Lawrence county during the quarter ending September 30, 1889; said county then being in the Territory of Dakota, now the State of South Dakota. No clerk was appointed for said probate court, but Gordon, as such judge, personally performed all the clerical work of said office. That Lawrence county contained a population of 22,455 persons at that time. That said Gordon, as such judge, presented on the 5th day of October, 1889. to the board of commissioners of Lawrence county, his bill, for amount allowed by law for clerk hire during said quarter, for the sum of $225, which bill was by said board rejected and disallowed, and from this order of rejection and disallowance an appeal was taken to the circuit court of Lawrence county. On the 14th of January, 1890, the cause coming on to be heard, the circuit court rendered judgment reversing the order of the board of commissioners, rejecting said bill, and ordered the board of commissioners to allow said claim of plaintiff for the sum of $225, and an additional sum of $6 as costs, and ordered the board to draw an order upon the county treasurer in favor of said Leonard Gordon for the sum of $231; to which ruling and judgment the defendant excepts, and takes this appeal.

The agreed statement of facts on which the case was submitted shows that Leonard Gordon, as judge of the probate court of Lawrence county, had no clerk during the quarter for which he claims of the county $225, but that he performed all the clerical work of the office himself. This being the case, was he entitled to recover from the county this sum of money? The answer involves the proper construction of the first section of "An act to provide clerk hire for probate courts," enacted by the legislative assembly of the Territory of Dakota, approved March 7, 1889, which is as follows; being Chapter 97, Sess. Laws 1889: "Section 1. *Clerk Hire.* There shall be allowed and paid to the judges of the probate courts, in all counties having a population of twenty thousand inhabitants, the sum of six hundred dollars per annum, and in all counties having a greater population than twenty thousand inhabitants an additional sum

of one hundred dollars per annum for each additional thousand of population, or fraction thereof, for clerk hire to be paid by such county out of the county treasury on the warrant of the county auditor." The second section directs how the population shall be determined, which in this case is admitted to be 22,455. Section 3 of the act is the usual repealing clause of other acts in conflict with it. The contention of the appellant is that because Gordon. as probate judge of Lawrence county, personally performed the duties of clerk of his court, he was not entitled to the compensation as provided in this act. At the time of the enactment of this law probate judges were clerks of the probate court, and there was no statutory provision made whereby this office could be filled by any other person. But on the following day, viz: March 8, 1889, the territorial legislature passed the following act, entitled "An act to provide clerks of probate courts in this territory;" "Be it enacted," etc. "Section 1. That the judge of probate is hereby empowered to appoint and have a clerk for his probate court; provided that said court shall receive no compensation whatever for his services from the county in which such court is situated, and the same powers are hereby conferred on the clerks of the probate court as are upon clerks of district courts, as far as applicable. Sec. 2. This act shall take effect and be in force from and after its passage and approval." Therefore it is contended because the legislature had provided for a clerk of the probate court independent of the judge, that unless such a clerk was appointed the county was not required to pay the money as provided in the act of. March 7, 1889.

This contention we think unfounded. The clerk provided for in the act of March 8, 1889, is an officer of the probate court, and by the provisions of that act clothed with the same power as a clerk of the district court, as far as applicable. That is, he may appoint a deputy; keep the seal of the court; certify and authenticate records and proceedings; in the absence of the judge, may adjourn court. In fact, his duties and powers are similar to a clerk of the district court, limited to the applica-

bility to probate court jurisdiction and proceedings—an officer acting under the solemnity of an appointment, and subject to all the liabilities of a public officer, for the faithful discharge of duties. The probate judge may not desire to appoint, nor may the public service demand the appointment of, a clerk of the probate court with such full and extended powers. Therefore, the legislature wisely left it optional with the judge. The act of March 7, 1889, simply provides that, in counties having 20,-C00 inhabitants or more, compensation shall be allowed the judges of the probate court for clerk hire; the legislature, no doubt, presuming that in counties having that much population the business of the probate courts would be of such a magnitude that the judge could not reasonably be able to do all the judicial, ministerial, and clerical business coming before it. The enactment is plain and free from all ambiguity. It says: "There shall be allowed and paid to the judges of the probate courts, * * * * for clerk hire," etc. This clerk may or may not be the clerk of the probate court as provided in the act of March 8. He need not receive the formality of an appointment. It need not be an officer of the court. It may be any person capable of transcribing or recording papers. It may be a male or female; a minor or a legal voter; a foreigner or a naturalized citizen. There may be no permanency to his employment. It may be for a day or more, and the liability only extending to the employer, and he is clothed with no official responsibility. Nor need it be either of these, independent of the judge of the court; for if he performs the duties himself, and does it well and efficiently, the public or county cannot complain, for it can make no difference to it whether the money provided by the act goes into the pocket of the judge, as his own, or into the pocket of some one else, for doing the work. The legislature evidently intended that this money should be appropriated in these counties, to be used at the discretion of the probate judge, for the good of the public. The judgment of the court below affirmed.